UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARIN JOHNSON, *on behalf of himself and all others similarly situated*, | ) ) ) |
| *Plaintiff*, | ) ) 1:23-cv-01734-JMS-CSW |
| vs. | ) ) ) |
| NICE PAK PRODUCTS, INC., | ) ) |
| *Defendant*. | ) ) |

# **ORDER**

Defendant has removed this matter to this Court, and has alleged that this Court has jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). Under CAFA, the Court has jurisdiction over class actions where the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and any member of the class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). The Court notes the following issue with the jurisdictional allegations in Defendant's Notice of Removal:

- Defendant conclusorily states that it is a citizen of Indiana. But a corporation is deemed a citizen of any state where it is incorporated and a citizen of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006) (a corporation has two places of citizenship: where it is incorporated and where it has its principal place of business). Defendant must allege both in order for the Court to determine Defendant's citizenship and, consequently, whether it has jurisdiction over this matter. Defendant does not provide either in the Notice of Removal.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the

underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists.  See *Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

For these reasons, the Court **ORDERS** Defendant to file an Amended Notice of Removal by **October 13, 2023**, which addresses the issue outlined in this Order and properly alleges a basis for this Court's jurisdiction.

Date: 9/29/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**